# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RIDDELL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| RAWLINGS SPORTING GOODS COMPANY, INC., | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff Riddell, Inc. ("Riddell" or "Plaintiff") alleges the following claims against Defendant Rawlings Sporting Goods Company, Inc. ("Rawlings" or "Defendant"):

## THE PARTIES

1. Plaintiff Riddell is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois, 60018.

2. Riddell is a leading supplier of protective sports equipment, including sports helmets and shoulder pads.

3. Upon information and belief, Defendant Rawlings is a Delaware corporation, with its principal place of business located at 510 Maryville University Dr., Suite 110, St. Louis, Missouri, 63141.

4. Upon information and belief, Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including sports helmets and shoulder pads.

**JURISDICTION AND VENUE**

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant engages in business within this district, and has placed infringing products into the stream of commerce by shipping products into this district (and/or knowing that the products would be shipped into this judicial district), and such infringing products have been sold and used in this district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**COUNT I**
**Patent Infringement of U.S. Patent No. 6,934,971**

8. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

9. Plaintiff is the owner by assignment of U.S. Patent No. 6,934,971, which was duly and lawfully issued by the United States Patent and Trademark Office on August 30, 2005, entitled "Football Helmet" ("the '971 patent"). A true and correct copy of the '971 patent is attached as Exhibit A and made a part hereof.

10. Regarding the '971 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

11. Defendant has knowledge of the '971 patent. For example, the '971 patent is a cited reference on Rawlings' United States Patent No. D699,895.

12. Defendant has at no time been licensed under the '971 patent.

115001-0004/LEGAL124483347.1

- 3 -

13. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '971 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and by inducement of and action with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '971 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names.

14. Defendant has contributorily infringed and has induced infringement of the '971 patent by offering to sell and selling the Tachyon, Impulse, Quantum, Momentum, and Force helmets to customers, buyers, users and others who directly infringe the '971 patent. Infringement of the '971 patent can be found through use of the accused helmets, which are not staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '971 patent by inducing its customers to use the Tachyon, Impulse, Quantum, Momentum, and Force helmets in the United States, with knowledge of the '971 patent.

15. Defendant's infringement of the '971 patent has been and continues to be willful.

16. Plaintiff has been injured and damaged by Defendant's infringement of the '971 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## COUNT II
### Patent Infringement of U.S. Patent No. 8,528,118

17. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

115001-0004/LEGAL124483347.1

18. Plaintiff is the owner by assignment of U.S. Patent No. 8,528,118, which was duly and lawfully issued by the United States Patent and Trademark Office on September 10, 2013, entitled "Sports Helmet" ("the '118 patent"). A true and correct copy of the '118 patent is attached as Exhibit B and made a part hereof.

19. An Ex Parte Reexamination Certificate for the '118 patent issued on September 9, 2014. A true and correct copy of the Ex Parte Reexamination Certificate for the '118 patent is attached as Exhibit C and made a part hereof.

20. Regarding the '118 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

21. Defendant has knowledge of the '118 patent at least as of the date of the filing of this Complaint.

22. Defendant has at no time been licensed under the '118 patent.

23. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '118 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and by inducement of and action with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '118 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names.

24. Defendant has contributorily infringed and has induced infringement of the '118 patent by offering to sell and selling the Tachyon, Impulse, Quantum, Momentum, and Force helmets to customers, buyers, users and others who directly infringe the '118 patent. Infringement of the '118 patent can be found through use of the accused helmets, which are not

staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '118 patent by inducing its customers to use the Tachyon, Impulse, Quantum, Momentum, and Force helmets in the United States, with knowledge of the '118 patent.

25. Defendant's infringement of the '118 patent is willful.

26. Plaintiff has been injured and damaged by Defendant's infringement of the '118 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

### COUNT III
### Patent Infringement of U.S. Patent No. D603,100

27. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

28. Plaintiff is the owner by assignment of U.S. Patent No. D603,100, which was duly and lawfully issued by the United States Patent and Trademark Office on October 27, 2009, entitled "Sports Helmet" ("the '100 patent"). A true and correct copy of the '100 patent is attached as Exhibit D and made a part hereof.

29. Regarding the '100 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

30. Defendant has knowledge of the '100 patent. For example, the '100 patent is a cited reference on Rawlings' United States Patent No. D699,895.

31. Defendant has at no time been licensed under the '100 patent.

32. Defendant has infringed, and is currently infringing the claim of the '100 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United

States, and/or importing into the United States products that embody the claim of the '100 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names and baseball helmets identified with the S100, S90, S80 and S70 series names.

33. Defendant's infringement of the '100 patent has been and continues to be willful.

34. Plaintiff has been injured and damaged by Defendant's infringement of the '100 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## COUNT IV
## Patent Infringement of U.S. Patent No. 8,813,271

35. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

36. Plaintiff is the owner by assignment of U.S. Patent No. 8,813,271, which was duly and lawfully issued by the United States Patent and Trademark Office on August 26, 2014, entitled "Shoulder Pads" ("the '271 patent"). A true and correct copy of the '271 patent is attached as Exhibit E and made a part hereof.

37. Regarding the '271 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

38. Defendant has knowledge of the '271 patent at least as of the date of the filing of this Complaint.

39. Defendant has at no time been licensed under the '271 patent.

40. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '271 patent, in violation of 35 U.S.C. § 271 *et*

*seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '271 patent, including without limitation the Titan and Spartan lines of shoulder pads.

41. Defendant's infringement of the '271 patent is willful.

42. Plaintiff has been injured and damaged by Defendant's infringement of the '271 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment that:

A. Defendant has willfully infringed one or more claims of the '971 patent, '118 patent, '100 patent and '271 patent;

B. Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be enjoined from infringement of the '971 patent, '118 patent, '100 patent and '271 patent under 35 U.S.C. § 283;

C. Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '971 patent, '118 patent, '100 patent and '271 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with interest;

D. This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

E. Plaintiff be awarded all actual and compensatory damages;

F. Plaintiff be awarded Defendant's profits; and

G. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by jury.

Dated: January 7, 2015      PERKINS COIE LLP

By   */s/ Rodger K. Carreyn*
Rodger K. Carreyn
RCarreyn@perkinscoie.com
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Gabrielle E. Bina
GBina@perkinscoie.com
1 East Main Street, Suite 201
Madison, WI 53703
(608) 663-7460 (Phone)
(608) 663-7499 (Facsimile)

Douglas L. Sawyer (ARDC#6275849)
DSawyer@perkinscoie.com
131 South Dearborn Street, Suite 1700
Chicago, IL 60603-5559
(312) 324-8400 (Phone)
(312) 324-9400 (Facsimile)

*Attorneys for Plaintiff,
Riddell, Inc.*