**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| RIDELL, INC., | ) | | |
| Plaintiff, | ) | Chief Judge Ruben Castillo | |
| | ) | | |
| v. | ) | Civil Action No.: 1:15-cv-00071 | |
| | ) | | |
| RAWLINGS SPORTING GOODS | ) | | |
| COMPANY, INC., | ) | **Jury Trial Demanded** | |
| | ) | | |
| Defendant. | ) | | |

**DEFENDANT RAWLINGS SPORTING GOODS COMPANY, INC.'S**
**ANSWER TO COMPLAINT AND COUNTERCLAIMS**

Defendant Rawlings Sporting Goods Company, Inc. ("Rawlings") by and through its undersigned counsel of record and for its Answer to the Complaint of Riddell, Inc. ("Riddell") herein states as follows:

**THE PARTIES**

1.      Plaintiff Riddell is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois, 60018.

**ANSWER**:  Rawlings does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

2.      Riddell is a leading supplier of protective sports equipment, including sports helmets and shoulder pads.

**ANSWER**:  Rawlings does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

3.      Upon information and belief, Defendant Rawlings is a Delaware corporation, with its principal place of business located at 510 Maryville University Dr., Suite 110, St. Louis, Missouri, 63141.

**ANSWER**:  Admitted.

4.     Upon information and belief, Defendant makes, sells, offers for sale in the United States, and/or imports into the United States, sports equipment, including sports helmets and shoulder pads.

**ANSWER**:  Admitted.

## JURISDICTION AND VENUE

5.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that the Complaint purports to state a cause of action for patent infringement and Rawlings admits that 28 U.S.C. §§ 1331 and 1338(a) provide jurisdiction to this Court for cases arising under federal patent law.  Rawlings denies that any such claim is meritorious with respect to Rawlings.

6.     This Court has personal jurisdiction over Defendant because Defendant engages in business within this district, and has placed infringing products into the stream of commerce by shipping products into this district (and/or knowing that the products would be shipped into this judicial district), and such infringing products have been sold and used in this district.

**ANSWER**:  To the extent the allegations of this paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that the Court has personal jurisdiction over Rawlings and that it has shipped protective sports equipment products into this District and sold protective sports equipment products in this District.  Rawlings denies all of the remaining allegations of this Paragraph.

7.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b), because, among other reasons, Defendant is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits

that 28 U.S.C. §§ 1391(b) and (c) and 1400(b) provide for venue in this District. Rawlings denies all of the remaining allegation of this Paragraph.

## COUNT I
## Patent Infringement of U.S. Patent No. 6,934,971

8.      Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:  Rawlings incorporates by reference its answers to Paragraphs 1 through 7, *supra*, as if set forth in full herein.

9.      Plaintiff is the owner by assignment of U.S. Patent No. 6,934,971, which was duly and lawfully issued by the United States Patent and Trademark Office on August 30, 2005, entitled "Football Helmet" ("the '971 patent"). A true and correct copy of the '971 patent is attached as Exhibit A and made a part hereof.

**ANSWER**:  Rawlings admits that the '971 patent is entitled "Football Helmet."  Rawlings admits that the face of the '971 patent indicates that it was issued on August 30, 2005, and that it was assigned to Riddell as of the issue date.  Rawlings also admits that what appears to be a copy of the '971 patent is attached to the Complaint as Exhibit A.  Rawlings denies that the '971 patent was duly and lawfully issued.

10.      Regarding the '971 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

11.      Defendant has knowledge of the '971 patent. For example, the '971 patent is a cited reference on Rawlings' United States Patent No. D699,895.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits

that the '971 patent appears as a cited reference on the face of U.S. Patent No. D699,895. Rawlings denies all of the remaining allegations of this Paragraph.

12.      Defendant has at no time been licensed under the '971 patent.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that it is not currently aware of any written license agreement between any person or entity and Rawlings concerning the '971 patent.  Rawlings denies all of the remaining allegations of this Paragraph.

13.      Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '971 patent, in violation of 35 U.S.C. § 271 *et seq.*, directly, indirectly, contributorily, and by inducement of and action with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '971 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names.

**ANSWER**:  Denied.

14.      Defendant has contributorily infringed and has induced infringement of the '971 patent by offering to sell and selling the Tachyon, Impulse, Quantum, Momentum, and Force helmets to customers, buyers, users and others who directly infringe the '971 patent. Infringement of the '971 patent can be found through use of the accused helmets, which are not staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '971 patent by inducing its customers to use the Tachyon, Impulse, Quantum, Momentum, and Force helmets in the United States, with knowledge of the '971 patent.

**ANSWER**:  Denied.

15.      Defendant's infringement of the '971 patent has been and continues to be willful.

**ANSWER**:  Denied.

16.      Plaintiff has been injured and damaged by Defendant's infringement of the '971 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

**ANSWER**:  Denied.

## COUNT II
## Patent Infringement of U.S. Patent No. 8,528,118

17.     Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:  Rawlings incorporates by reference its answers to Paragraphs 1 through 16, *supra*, as if set forth in full herein.

18.     Plaintiff is the owner by assignment of U.S. Patent No. 8,528,118, which was duly and lawfully issued by the United States Patent and Trademark Office on September 10, 2013, entitled "Sports Helmet" ("the '118 patent").  A true and correct copy of the '118 patent is attached as Exhibit B and made a part hereof.

**ANSWER**:  Rawlings admits that the '118 patent is entitled "Sports Helmet."  Rawlings admits that the face of the '118 patent indicates that it was issued on September 10, 2013, and that it was assigned to Riddell as of the issue date.  Rawlings also admits that what appears to be a copy of the '118 patent is attached to the Complaint as Exhibit B.  Rawlings denies that the '118 patent was duly and lawfully issued.

19.     An Ex Parte Reexamination Certificate for the '118 patent issued on September 9, 2014.  A true and correct copy of the Ex Parte Reexamination Certificate for the '118 patent is attached as Exhibit C and made a part hereof.

**ANSWER**:  Rawlings admits that an Ex Parte Reexamination Certificate for the '118 patent issued on September 9, 2014.  Rawlings also admits that what appears to be a copy of the Ex Parte Reexamination Certificate for the '118 patent is attached to the Complaint as Exhibit C.  Rawlings denies that the Ex Parte Reexamination Certificate for the '118 patent was duly and lawfully issued.

20.     Regarding the '118 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no

response thereto is required. To the extent a response is deemed to be required, Rawlings does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

21. Defendant has knowledge of the '118 patent at least as of the date of the filing of this Complaint.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Rawlings admits that it was made aware of the '118 patent at least as of the date of the filing of Riddell's Complaint. Rawlings denies all of the remaining allegations of this Paragraph.

22. Defendant has at no time been licensed under the '118 patent.

**ANSWER**: To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Rawlings admits that it is not currently aware of any written license agreement between any person or entity and Rawlings concerning the '118 patent. Rawlings denies all of the remaining allegations of this Paragraph.

23. Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '118 patent, in violation of 35 U.S.C. § 271 *et seq*., directly, indirectly, contributorily, and by inducement of and action with others, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '118 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names.

**ANSWER**: Denied.

24. Defendant has contributorily infringed and has induced infringement of the '118 patent by offering to sell and selling the Tachyon, Impulse, Quantum, Momentum, and Force helmets to customers, buyers, users and others who directly infringe the '118 patent. Infringement of the '118 patent can be found through use of the accused helmets, which are not staple articles or commodities of commerce suitable for substantial non-infringing use in an ordinary and intended manner. Defendant contributes to and induces infringement of the '118 patent by inducing its customers to use the Tachyon, Impulse, Quantum, Momentum, and Force

helmets in the United States, with knowledge of the '118 patent.

**ANSWER**:  Denied.

     25.     Defendant's infringement of the '118 patent is willful.

**ANSWER**:  Denied.

     26.     Plaintiff has been injured and damaged by Defendant's infringement of the '118 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

**ANSWER**:  Denied.

**COUNT III**
**Patent Infringement of U.S. Patent No. D603,100**

     27.     Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:  Rawlings incorporates by reference its answers to Paragraphs 1 through 26, *supra*, as if set forth in full herein.

     28.     Plaintiff is the owner by assignment of U.S. Patent No. D603,100, which was duly and lawfully issued by the United States Patent and Trademark Office on October 27, 2009, entitled "Sports Helmet" ("the '100 patent"). A true and correct copy of the '100 patent is attached as Exhibit D and made a part hereof.

**ANSWER**:  Rawlings admits that the '100 patent is entitled "Sports Helmet."  Rawlings admits that the face of the '118 patent indicates that it was issued on October 27, 2009, and that it was assigned to Riddell as of the issue date.  Rawlings also admits that what appears to be a copy of the '100 patent is attached to the Complaint as Exhibit D.  Rawlings denies that the '100 patent was duly and lawfully issued.

     29.     Regarding the '100 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings does

not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

30.     Defendant has knowledge of the '100 patent. For example, the '100 patent is a cited reference on Rawlings' United States Patent No. D699,895.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that the '100 patent appears as a cited reference on the face of U.S. Patent No. D699,895. Rawlings denies all of the remaining allegations of this Paragraph.

31.     Defendant has at no time been licensed under the '100 patent.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that it is not currently aware of any written license agreement between any person or entity and Rawlings concerning the '100 patent.  Rawlings denies all of the remaining allegations of this Paragraph.

32.     Defendant has infringed, and is currently infringing the claim of the '100 patent, in violation of 35 U.S.C. § 271 *et seq*., by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody the claim of the '100 patent, including without limitation football helmets identified with the Tachyon, Impulse, Quantum, Momentum, and Force model names and baseball helmets identified with the S100, S90, S80 and S70 series names.

**ANSWER**:  Denied.

33.     Defendant's infringement of the '100 patent has been and continues to be willful.

**ANSWER**:  Denied.

34.     Plaintiff has been injured and damaged by Defendant's infringement of the '100 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

**ANSWER**:  Denied.

## COUNT IV
## Patent Infringement of U.S. Patent No. 8,813,271

35.     Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as though fully set forth herein.

**ANSWER**:  Rawlings incorporates by reference its answers to Paragraphs 1 through 34, *supra*, as if set forth in full herein.

36.     Plaintiff is the owner by assignment of U.S. Patent No. 8,813,271, which was duly and lawfully issued by the United States Patent and Trademark Office on August 26, 2014, entitled "Shoulder Pads" ("the '271 patent"). A true and correct copy of the '271 patent is attached as Exhibit E and made a part hereof.

**ANSWER**:  Rawlings admits that the '271 patent is entitled "Shoulder Pads."  Rawlings admits that the face of the '271 patent indicates that it was issued on August 26, 2014, and that it was assigned to Riddell as of the issue date.  Rawlings also admits that what appears to be a copy of the '271 patent is attached to the Complaint as Exhibit E.  Rawlings denies that the '271 patent was duly and lawfully issued.

37.     Regarding the '271 patent, Plaintiff has complied with the statutory notice provisions of 35 U.S.C. § 287.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings does not have sufficient information to admit or deny the allegations set forth in this Paragraph and, therefore, denies the same.

38.     Defendant has knowledge of the '271 patent at least as of the date of the filing of this Complaint.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that it was made aware of the '271 patent at least as of the date of the filing of Riddell's Complaint.  Rawlings denies all of the remaining allegations of this Paragraph.

39.     Defendant has at no time been licensed under the '271 patent.

**ANSWER**:  To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required.  To the extent a response is deemed to be required, Rawlings admits that it is not currently aware of any written license agreement between any person or entity and Rawlings concerning the '271 patent.  Rawlings denies all of the remaining allegations of this Paragraph.

40.     Defendant has infringed, and is currently infringing, literally and/or under the doctrine of equivalents, one or more claims of the '271 patent, in violation of 35 U.S.C. § 271 *et seq.*, by making, using, selling, offering to sell in the United States, and/or importing into the United States products that embody one or more claims of the '271 patent, including without limitation the Titan and Spartan lines of shoulder pads.

**ANSWER**:  Denied.

41.     Defendant's infringement of the '271 patent is willful.

**ANSWER**:  Denied.

42.     Plaintiff has been injured and damaged by Defendant's infringement of the '271 patent. Defendant's infringement has caused, and will continue to cause, irreparable harm to Plaintiff, for which Plaintiff has no adequate remedies at law, unless and until enjoined by this Court.

**ANSWER**:  Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment that:

A.     Defendant has willfully infringed one or more claims of the '971 patent, '118 patent, '100 patent and '271 patent;

B.     Defendant, its officers, directors, employees, agents, subsidiaries, licensees, servants, successors and assigns, and any and all persons acting in privity or in concert or participation with Defendant, be enjoined from infringement of the '971 patent, '118 patent, '100 patent and '271 patent under 35 U.S.C. § 283;

C.     Plaintiff be awarded all damages adequate to compensate Plaintiff for Defendant's infringement of the '971 patent, '118 patent, '100 patent and '271 patent, and such damages be trebled under 35 U.S.C. § 284 and awarded to Plaintiff, with

interest;

D.     This case be adjudged an exceptional case under 35 U.S.C. § 285, and Plaintiff be awarded attorneys' fees, costs, and all expenses incurred in this action;

E.     Plaintiff be awarded all actual and compensatory damages;

F.     Plaintiff be awarded Defendant's profits; and

G.     Plaintiff be awarded such other and further relief as the Court deems just and proper.

**ANSWER**:  Rawlings denies that Riddell is entitled to any relief from Rawlings, much less the relief set forth above, specifically including Riddell's prayer for injunctive relief and damages, at least because the claims of each of the Patents-in-Suit are neither valid, enforceable, nor infringed, either directly or indirectly, by Rawlings.   Rawlings specifically denies all of the allegations in subparagraphs (A) – (G) of Riddell's Prayer for Relief.

## RAWLINGS' AFFIRMATIVE DEFENSES

Rawlings pleads the following affirmative defenses to the allegations in Riddell's Complaint:

### First Affirmative Defense
### Non-Infringement

Rawlings does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claims of the '971, '118, '100, and/or '271 patents ("Patents-in-Suit").

### Second Affirmative Defense
### Invalidity Pursuant to 35 U.S.C. § 101

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 101, including but not limited to improper inventorship and non-patentable subject matter.

11

### Third Affirmative Defense
### Invalidity Pursuant to 35 U.S.C. § 102

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 102, in view of prior art.

### Fourth Affirmative Defense
### Invalidity Pursuant to 35 U.S.C. § 103

At least one or more of the claims of each of the Patents-in-Suit is invalid for failure to meet the statutory requirements set forth in 35 U.S.C. § 103, in view of prior art.

### Fifth Affirmative Defense
### Invalidity Pursuant to 35 U.S.C. § 112

Each of the Patents-in-Suit does not meet the requirements set forth in 35 U.S.C. § 112 and is invalid and void against Rawlings, for either or both of the following reasons:

(a) The specifications of the Patents-in-Suit are incomplete, vague and indefinite and do not contain a written description of the alleged inventions, and of the manner and process of making and using them, in such full, clear, concise and exact terms as to enable a person skilled in the art to which it pertains, to make and use the same; and

(b) The claims of the Patents-in-Suit are vague and indefinite and fail to particularly point out and distinctly claim the subject matter of the alleged invention.

### Sixth Affirmative Defense
### Limitation on Damages Pursuant to 35 U.S.C. § 286

Any recovery by Riddell is limited by 35 U.S.C. § 286 to any alleged infringement that occurred within the limitations period of six years prior to the filing of the Complaint.

### Seventh Affirmative Defense
### Failure to Mark Pursuant to 35 U.S.C. § 287

Any recovery by Riddell is limited to any alleged infringement that occurred after the filing of the Complaint or after Riddell provided actual notice of the Patents-in-Suit, as

Riddell, the prior owners of the Patents-in-Suit, and/or Riddell's licensees have failed to mark any products made under the Patents-in-Suit in conformance with the requirements of 35 U.S.C. § 287.

### Eighth Affirmative Defense
### Laches

Riddell's claims are barred by the equitable doctrine of laches.

### Ninth Affirmative Defense
### Unclean Hands

Riddell's claims are barred by the doctrine of unclean hands.

### Tenth Affirmative Defense
### Prosecution History Estoppel and Prosecution Disclaimer

Riddell's claims are barred in whole or in part under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

### Eleventh Affirmative Defense
### Patent Misuse

Riddell's claims are barred under the doctrine of patent misuse.

### Twelfth Affirmative Defense
### Waiver, Implied License, Estoppel, Acquiescence

Riddell's claims are barred by the doctrines of waiver, acquiescence, implied license, and/or equitable estoppel.

### Thirteenth Affirmative Defense
### Failure to State a Claim

Riddell's Complaint  fails to state a claim upon which relief can be granted.

### Fourteenth Affirmative Defense
### Lack of Standing

Riddell lacks standing to assert the Patents-in-Suit.

### Fifteenth Affirmative Defense
### Limitation on Indirect Infringement Claims

Riddell's indirect infringement claims are barred for its inability to demonstrate (i) Rawlings' actual knowledge of the Patents-in-Suit; (ii) any actual knowledge of Rawlings of the infringement of the Patents-in-Suit by any third-parties; and (iii) any specific intent on Rawlings' part that any third parties infringe the Patents-in-Suit.

### Sixteenth Affirmative Defense
### No Willful Infringement or Enhanced Damages

Riddell is not entitled to a willful infringement finding and enhanced damages because it has failed to plead the requirements for willful infringement and enhanced damages. Further, Riddell is not entitled to assert a charge of willful infringement and request enhanced damages because it cannot show Rawlings' actual knowledge of the Patents-in-Suit prior to Riddell's filing of the Complaint and infringement of the Patents-in-Suit prior to Riddell's filing of the Complaint. Any claim and recovery for willful infringement is limited to the period after which Riddell can make such a showing.

### Seventeenth Affirmative Defense
### No Injunctive Relief

Neither preliminary nor permanent injunctive relief is available to Riddell under the legal standards for injunctions because, among other things, Riddell is not likely to succeed on the merits, Riddell will not suffer irreparable harm, and Rawlings is not practicing the alleged invention(s) disclosed in the Patents-in-Suit. In addition, the balance of hardships and public interest do not favor an injunction in this case.

**Eighteenth Affirmative Defense**
**License**

Riddell's claims are barred because Rawlings, its suppliers, and/or its customers are licensed.

**Nineteenth Affirmative Defense**
**Judicial Estoppel, Collateral Estoppel and Law of the Case**

Riddell's claims are barred in whole or in part under the doctrines of judicial estoppel, collateral estoppel, and/or law of the case.

**Twentieth Affirmative Defense**
**Limitation on Recovery Pursuant to The Doctrines of Intervening Rights**
**and Absolute Intervening Rights Under 35 U.S.C. § 252**

Any recovery and request for damages by Riddell with respect to Rawlings' alleged infringement of the '118 patent is limited by the doctrines of equitable intervening rights and absolute intervening rights.

## RAWLINGS SPORTING GOODS COMPANY, INC.'S  COUNTERCLAIMS

For its Counterclaims against Riddell, Inc. ("Riddell"), Counterclaim-Plaintiff Rawlings Sporting Goods Company, Inc. ("Rawlings") alleges as follows:

## THE PARTIES

1.     Counterclaim-Plaintiff Rawlings is a Delaware corporation, with its principal place of business located at 510 Maryville University Dr., Suite 110, St. Louis, Missouri, 63141.

2.     On information and belief, Counterclaim-Defendant Riddell is an Illinois corporation, with its principal place of business located at 9801 West Higgins Road, Suite 800, Rosemont, Illinois, 60018.

## JURISDICTION

3.     Counterclaim-Plaintiff Rawlings' counterclaims are for declarations of non-infringement and invalidity of U.S. Patent Nos. 6,934,971; 8,528,118; D603,100; and 8,813,271 ("Patents-in-Suit").  Accordingly, this Court has subject matter jurisdiction over the Counterclaim-Plaintiff's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq*.

4.     Riddell alleges that it owns all right, title and interest in, and has standing to sue for infringement of the Patents-in-Suit.

5.      Riddell has submitted itself to this Court's jurisdiction by alleging, in the present lawsuit, that Rawlings infringes the Patents-in-Suit.  Accordingly, an actual case or controversy between Counterclaim-Plaintiff Rawlings and Riddell exists and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 6,934,971**

6.      Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-5, above, as if set forth fully herein.

7.      Counterclaim-Plaintiff Rawlings does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of U.S. Patent No. 6,934,971 ("the '971 patent").

8.      Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that it has not and does not infringe any claim of the '971 patent.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 6,934,971**

9.      Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-8, above, as if set forth fully herein.

10.      The claims of the '971 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

11.      Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that the claims of the '971 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT III**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. 8,528,118**

12.      Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-11, above, as if set forth fully herein.

13.     Counterclaim-Plaintiff Rawlings does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of U.S. Patent No. 8,528,118 ("the '118 patent").

14.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that it has not and does not infringe any claim of the '118 patent.

**COUNT IV**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 8,528,118**

15.     Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-14, above, as if set forth fully herein.

16.     The claims of the '118 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that the claims of the '118 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT V**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF U.S. PATENT NO. D603,100**

18.     Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-17, above, as if set forth fully herein.

19.     Counterclaim-Plaintiff Rawlings does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of U.S. Patent No. D603,100 ("the '100 patent").

20.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that it has not and does not infringe any claim of the '100 patent.

## COUNT VI
## DECLARATORY JUDGMENT OF INVALIDITY
## OF U.S. PATENT NO. D603,100

21.     Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-20, above, as if set forth fully herein.

22.     The claims of the '100 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

23.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that the claims of the '100 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT VII
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT
## OF U.S. PATENT NO. 8,813,271

24.     Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-23, above, as if set forth fully herein.

25.     Counterclaim-Plaintiff Rawlings does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of U.S. Patent No. 8,813,271 ("the '271 patent").

26.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that it has not and does not infringe any claim of the '271 patent.

## COUNT VIII
## <u>DECLARATORY JUDGMENT OF INVALIDITY</u>
## <u>OF U.S. PATENT NO. 8,813,271</u>

27.     Counterclaim-Plaintiff Rawlings incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-26, above, as if set forth fully herein.

28.     The claims of the '271 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.     Counterclaim-Plaintiff Rawlings seeks a declaratory judgment that the claims of the '271 patent are invalid for failure to meet the conditions of patentability or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Rawlings respectfully requests the following relief:

A.     Dismissal of Riddell's Complaint with prejudice, granting Rawlings' affirmative defenses and Counterclaims and denying each request for relief made by Riddell;

B.     Entry of judgment in Rawlings' favor on each and every count of Riddell's Complaint;

C.     Entry of an Order directing that Rawlings is not liable to Riddell for any damages pursuant to Riddell's Complaint;

D.     Entry of a judicial declaration in favor of Rawlings that:

1.  No claim of any of the Patents-in-Suit is infringed by Rawlings; and

2.  The claims of all of the Patents-in-Suit patent are invalid.

E.     An award to Rawlings of compensatory damages, attorneys' fees and costs, and interest on its affirmative defenses and Counterclaims;

F.      Entry of an Order that Rawlings is the prevailing party, that this is an exceptional case under 35 U.S.C. § 285 because Riddell brought this action with wrongful intent, or at least gross negligence, and with knowledge that Rawlings' accused products do not and cannot infringe any valid claim of the Patents-in-Suit, with knowledge that the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or based on any other facts and circumstances warranting a finding of an exceptional case, in favor of Rawlings;

G.      An award to Rawlings of its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

H.      Such other and further relief and this Court deems just and proper.

**<u>JURY DEMAND</u>**

Rawlings requests a trial by jury on all issues so triable.

Dated:  February 27, 2015                    Respectfully submitted,

*/s/ James J. Lukas, Jr.*

Richard D. Harris
Howard E. Silverman
James J. Lukas, Jr.
Matthew J. Levinstein
Robbie R. Harmer
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
312.456.8400
harrisr@gtlaw.com
silvermanh@gtlaw.com
lukasj@gtlaw.com
levinsteinm@gtlaw.com
harmerr@gtlaw.com

*Counsel for Rawlings Sporting
Goods Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 27, 2015.

*/s/ James J. Lukas, Jr.*